UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDDIE A. CHAVEZ**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**COMPASS GROUP USA INC.**,<br><br>　　　　Defendant. | Case No. 25-cv-2159 (CRC) |

### MEMORANDUM OPINION

Plaintiff Eddie Chavez suffered an injury while working for defendant Compass Group USA Inc. ("Compass"), which operates the D.C.-based catering firm Occasions. Appearing to allege that Compass mishandled his subsequent workman's compensation claim and retaliated against him by reducing his hours following the injury, Chavez filed a *pro se* lawsuit in D.C. Superior Court.[1] Compass removed the case to this Court under diversity jurisdiction and now moves to dismiss Chavez's complaint or, alternatively, for a more definite statement of his claims.

The Court will deny the motion for a more definite statement. While Chavez's bare-bones complaint is silent on the legal grounds for the action, he pleads enough facts to put Compass on notice of the gist of his claims and to allow it to identify grounds for dismissal. And having parsed the complaint itself, the Court will grant Compass's motion to dismiss. Read

---

[1] The docket lists as defendants Compass Group Inc., Occasions Caterers, and Protocol Staffing Services, reflecting the entities that Chavez named in various of his Superior Court filings. Compass clarified in its Notice of Removal that its proper legal name is Compass Group USA, Inc., and that it acquired the other two listed defendants in 2018. Hearing no objection to those representations from Chavez, the Court will refer to the defendants collectively as Compass Group USA, Inc. In any case, the discussion and analysis in this opinion would apply equally to the other two named defendants if they are separate legal entities.

generously, the complaint and Chavez's briefing suggest violations of the District of Columbia Workers' Compensation Act ("WCA"). They also hint at a claim of disability-based discrimination or retaliation, or perhaps a hostile work environment, under federal and D.C. civil rights laws. But this Court lacks jurisdiction over any claim Chavez seeks to bring under the WCA because it must be pursued instead before the city's Office of Workers Compensation. And the facts alleged do not state a cognizable claim of disability-based discrimination or workplace hostility. The Court will, accordingly, dismiss the complaint and the case.

I. **Background**

The Court draws the following from Chavez's June 17, 2025 Superior Court complaint and his opposition to Compass's motion to dismiss and motion for a more definite statement, where he elaborates on some of his factual allegations.[2]

Chavez alleges that on April 30, 2022, he suffered an unspecified injury, seemingly in his capacity as an employee of Compass. Not. of Removal, Ex. A ("Compl.") at 1. He claims to have reported the injury to Compass a few days later though an online portal and to have told various of his managers by email and phone. Id. He further claims to have called Compass's Human Resources ("HR") department to request a copy of the company's workman's compensation policy but got no response. Id. After visiting HR in person, he received a workman's compensation claim form on May 13, 2022. Id.

After telling numerous "Captains" about his injury, Chavez claims that they harassed him and "kicked [him] out of events a couple times." Id. He says he reported these incidents to HR

---

[2] Chavez's opposition was docketed as a "Notice of Letter." See ECF No. 11. The Court will refer to it as "Pl.'s Opp'n" for clarity.

but received no response for nine months. Id. When a response finally arrived, HR purportedly told him that they had "looked into it" and "everything had been resolved." Id.

Chavez also asserts that management reduced his work schedule following his injury. Id. He reports having worked only six times as a Captain in late 2022 and only six times as a "staff sign in person" after undergoing a medical procedure in April 2023. Id. Finally, Chavez claims that in June 2023, he requested a copy of the injury report he posted on the online portal but never received it. Id.

Chavez filed suit in D.C. Superior Court in May 2025 and amended his complaint on June 17. Compass timely removed the case to this Court based on diversity jurisdiction. See Not. of Removal. It subsequently moved to dismiss the case or, in the alternative, for a more definite statement. Chavez filed an opposition to both motions, which adds somewhat more detail to his complaint allegations. Neither Chavez's complaint nor his opposition specifies which statutes provide the causes of action for his claims.

## II.  Legal Standards

Compass moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

### A.  Rule 12(b)(1)

Rule 12(b)(1) imposes on the court an "affirmative obligation to ensure that it is acting within the scope of its authority." Bond v. DOJ, 828 F. Supp. 2d 60, 69 (D.D.C. 2011). In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court "accepts as true all of the factual allegations contained in the complaint[.]" Peter B. v. CIA, 620 F.Supp.2d 58, 67 (D.D.C. 2009) (citing Lujan v. Def. of Wildlife, 504 U.S. 555, 560 (1992)). The plaintiff, however, bears the burden of establishing the court's jurisdiction. See McNutt v. General Motors

Acceptance Corp., 298 U.S. 178, 182–83 (1936).  If there is no subject-matter jurisdiction, the court "cannot proceed[.]"  Hancock v. Urb. Outfitters, Inc., 830 F.3d 511, 513 (D.C. Cir. 2016) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

    B.        Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  Ashcroft, 556 U.S. at 678.  While a court must take the complaint's factual allegations as true, it need not accept legal conclusions, and mere "labels and conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are insufficient.  Id. (quoting Twombly, 550 U.S. at 555).

    C.        Pleading Standards for Pro Se Litigants

"[T]he pleadings of *pro se* parties are to be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'"  Tyson v. Brennan, 277 F. Supp. 3d 28, 35 (D.D.C. 2017) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).  A pro se litigant's complaint is assessed "in light of all filings, including filings responsive to a motion to dismiss," such as the opposition to the motion and attached exhibits.  Ho v. Garland, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam)).

### III. Analysis

In neither the complaint nor his opposition to Compass's motion does Chavez identify a cause of action or specify which statute(s) he is suing under.  The Court sees two possible types

4

of claims based on the facts alleged: *first*, a claim for compensation for Chavez's workplace injury under the WCA; and *second*, a claim for discrimination, retaliation, or perhaps maintenance of a hostile work environment, based on some unspecified disability resulting from Chavez's injury, under either the Americans with Disabilities Act or the D.C. Human Rights Act. In either case, dismissal is warranted.

    A.  Workers' Compensation Act

Chavez does not specify whether he filed a workman's compensation claim in connection with his injury or, if he did, whether he received the benefits he felt he was due. However, his allegations that Compass delayed in providing him a copy of its workman's compensation policy, an insurance claim form, and his initial injury report could suggest a claim for compensation under the WCA.

However, any claim under the WCA must be dismissed for lack of subject matter jurisdiction. "The [WCA] is a comprehensive legislative scheme requiring employers to provide compensation for employees who are disabled or killed in the course of employment." Harrington v. Moss, 407 A.2d 658, 660 (D.C. 1979) (citing D.C. Code § 36–501, and 33 U.S.C. § 903). "The Act . . . provides employees with a practical and expeditious remedy for work-related accidents or injuries." Id. "'[I]f an injury is within the Act's coverage, an employee (or representative) may only pursue a claim before the Benefits Review Board,' and may not pursue such a claim in court." Carson v. Sim, 778 F. Supp. 2d 85, 96 (D.D.C. 2011) *(*quoting Harrington, 407 A.2d at 661). And when there is a "substantial question" as to whether the WCA applies to the injury in question, the District of Columbia Department of Employment Services ("DOES") has primary jurisdiction to determine whether it does. Harrington, 407 A.2d at 661.

Again, Chavez does not say what injury he suffered. But if it falls squarely within the WCA's coverage, Chavez was obligated to pursue compensation through the WCA's administrative procedures. And if there is a substantial question whether it is one of the rare injuries that is not covered by the WCA, DOES would have primary jurisdiction to decide that question in the first instance. See Harrington, 407 A.2d at 661. Either way, there is no jurisdiction in this Court. Any claims under the WCA are therefore dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### B.  D.C. Human Rights Act and the ADA

Chavez asserts that after learning of his injury, he was targeted with "passive and aggressive harassment by co-workers" and "kicked out of events a couple times." Compl. at 1. He further maintains that management reduced his hours after the injury and ignored his complaints about the treatment he received from colleagues. Id. Chavez adds in his opposition brief that his "complaint is about discrimination, negligence, and harassment" and that Compass's conduct "contradicts the equal opportunity that [Compass] . . . stands by." Pl.'s Opp'n at 2–3. All of this indicates that the complaint and briefing could be read as advancing discrimination or workplace hostility claims under the D.C. Human Rights Act or the Americans with Disabilities Act based on some form of disability resulting from Chavez's injury. However, Chavez fails to state a claim under either act.

Both statutes define disability as a "physical or mental impairment that substantially limits one or more of the major life activities of an individual having a record of such an impairment or being regarded as having such an impairment." D.C. Code § 2–1401.02(5A); 42 U.S.C. § 12102(1). Chavez has not pled that his injury resulted in an "impairment" that "substantially limited" a major life activity nor that he had a record of or was regarded as having

such an "impairment." To the contrary, Chavez implies that he was ready, willing, and able to work but was curtailed from doing so for simply reporting the injury. Thus, neither the ADA nor the Human Rights Act apply to any potential workplace hostility or discrimination on account of his injury or any retaliation he suffered due to the reporting of his injury. The Court accordingly dismisses any claims that Chavez may intend to bring under the ADA and the Human Rights Act for failure to state a claim under Rule 12(b)(6).

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order shall accompany this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  October 16, 2025